Joseph A. G-avagan, J.
Plaintiff moves pursuant to rule 103 of the Rules of Civil Practice for an order striking out paragraph first of the answer and the second and third defenses as sham and frivolous. Defendant cross-moves for judgment pursuant to rule 113 and section 476 of the Civil Practice Act dismissing the complaint upon the basis of the second and third defenses. Judgment debtor has instituted an action against the defendant based upon a loan transaction. This is an action by the receiver of the property of the debtor against the defendant upon that transaction. It is alleged in the complaint that the plaintiff was designated such receiver in supplementary proceedings by an order of this court made on December 10,1957.
In paragraph first of the answer the defendant denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraphs 1, 2 and 3 of the complaint by which plaintiff alleges matters of record.
In the second defense, it is alleged that the property of the judgment debtor was vested in another as the receiver of his property and that such receiver was thus appointed by an order made on December 6, 1957 and filed in the office of the Clerk *988 of the County of Nassau. By reason thereof, the plaintiff is not the real party in interest.
In the third defense, it is alleged that, by reason of such prior designation, the court which appointed the plaintiff as the receiver of the property of the debtor had no jurisdiction or authority to make such appointment and the order is therefore void. The prior order was procured and entered upon the application of another and different judgment creditor.
It is not contended and it is not shown that the second order was obtained or entered by reason of fraud, constructive or otherwise. It is provided by section 806 of the Civil Practice Act that there shall be but one receiver of the property of a judgment debtor and that where a receiver has been appointed, the court or judge ‘ ‘ instead of making the order prescribed in section eight hundred four, must make an order extending the receivership to the said special proceeding ’ ’. It does not appear that, upon the making of the order of this court designating the plaintiff as receiver, either this creditor or the court was aware of the order entered in Nassau County.
It appears that the affidavit of this judgment creditor submitted to this court in support of the request for the appointment of a receiver was sworn to on November 7, 1957 and that the affidavit of the judgment debtor consenting thereto was sworn to November 19, 1957 and the order was thereafter made and filed on December 10, 1957. While it does not appear that on and prior to December 5, 1957 this court and this judgment creditor could have known of the order made in Nassau County on December 5, 1957, it does not appear that it was brought to the attention of the court in Nassau County in connection with the order made on December 5, 1957 that the proceeding in this court was then pending and that the judgment debtor had consented to the order which was subsequently made on December 10, 1957. It further appears that the receiver designated by the prior order had rendered no service, had taken into his possession no assets of the debtor and, finally, that the order of December 5, 1957 was vacated by further order dated January 28, 1958. This court in making its order of December 10, 1957 could not have made an order extending the receivership to another special proceeding of which this judgment creditor had no knowledge and the fact was not and could not have been brought to the attention of the court by this judgment creditor.
The motion of the plaintiff is granted striking out paragraph first of the answer and the second and third defenses, and the cross motion of the defendant is denied.